

Danielle P. Light, Esq.

450 Seventh Ave
Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

March 27, 2023

**VIA CM/ECF**
Honorable Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**   *West Coast Servicing Inc. v. Alam et al.*
             Case No.: 1:22-CV-02881-PKC-TAM
             Pre-Motion Letter Concerning Plaintiff's Motion for Summary Judgment Pursuant to F.R.C.P 56 and Individual Practice Rules §3.A.

Dear Judge Chen:

      We represent the Plaintiff, West Coast Servicing Inc. ("Plaintiff") in the above-referenced matter. Pursuant to Individual Practice Rules §3.A., Plaintiff requests a pre-motion conference for a motion for summary judgment against Defendant, Mohammed N. Alam (the "Defendant").

    **I.**    **The Underlying Mortgage, Default Under the Terms of the Mortgage, and the Instant Action**

      This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13 to foreclose a credit line mortgage dated March 5, 2007, in the amount of $79,744, recorded on March 22, 2007 (the "Mortgage") securing the repayment of a note dated the same date (the "Note") against the real property known as 97-17 220th Street, Queens, NY 11429, Tax Map as Block 10786 and Lot 19 in the County of Queens and State of New York (the "Subject Property"). *See*, ECF Dkt. No.: 1 at ¶1 and ¶8.

      The original lender was National City Bank. On March 31, 2011, the PNC Bank, National Association as successor by merger to National City Bank assigned its interest in the subject mortgage in favor of E Trade Bank. On September 20, 2018, the mortgage was subsequently assigned by E Trade Bank to Veripro Solutions, Inc. On April 15, 2021, the mortgage was assigned by Veripro Solutions, Inc. to West Coast Realty Services Profit Sharing 401K Plan. The mortgage was then assigned by West Coast Realty Services Profit Sharing 401K Plan to West Coast Servicing, Inc., on May 11, 2021. West Coast Servicing Inc. is the current owner of the Note by virtue of its physical possession of the wet ink Note. Therefore, West Coast Servicing Inc. is the holder and owner of both the Note and Mortgage on the date of the filing of complaint. *See*, Id., at ¶10.

      Pursuant to the Mortgage, in any lawsuit for foreclosure, Lender or its successors or assignees possess the right to collect all costs and disbursements and additional allowances allowed

by the applicable law and will have the right to add all reasonable attorneys' fees to the amount the defendant borrowers owe the Lender which fees shall become part of the sums secured. *See*, Id., at ¶11. Defendant failed to comply with the terms and provisions of the Mortgage and Note by failing to make monthly payments due on March 20, 2016 (the "Default") and the default continues to date. *See*, Id., at ¶ 13. Plaintiff complied with the contractual provisions in the loan documents in that a 30-day notice to cure was sent to Defendant on December 10, 2021 (the "Default Notice") advising of a possible acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notices pursuant to RPAPL §1304(1) and sent on December 10, 2021. Plaintiff complied with the registration requirements of RPAPL §1306(1). *See*, ECF Dkt. No.: 1 at ¶ 14.

This foreclosure action was filed by Plaintiff on May 17, 2022, in the United States District Court, Eastern District of New York. Defendant filed an answer on September 19, 2022 (the "Answer"). The Answer includes nineteen boilerplate defenses and a counterclaim under the Fair Debt Collection Practices Act ("FDCPA"). On December 13, 2022, the deposition of the Defendant was held. During the deposition Defendant admitted, among others, to signing the loan documents, receiving the loan proceeds, and defaulting on the loan.

Following Plaintiff's Motion to Request Mediation, on January 26, 2023 the Honorable Court referred the parties to the EDNY Mediation Panel. Thereafter, on March 3, 2023, the Mediation was held via Zoom Videoconference before Mr. Joseph DiBenedetto, Esq. However, the parties were not able to come to a mutual resolution during the Mediation.

Per the Honorable Court's Order dated February 14, 2023, the deadline to initiate any dispositive motions was extended to April 27, 2023. In accordance with Individual Practice Rules §3.A., service of a letter motion within the time requirements of Fed. R. Civ. P. 56 shall constitute timely service of a motion made pursuant to said provision. Therefore, this letter is timely filed with the Court.

## II.      Legal Standard

Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See,* Fed.R.Civ.P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgement bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See, Id.* If the nonmovant fails to carry this burden, summary judgment is appropriate. *See, Id.*

## III.     Plaintiff is Entitled to Summary Judgment Against Defendant

In an action to foreclose a residential mortgage under New York law, "the lender must prove... the existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Here, Plaintiff established its prima facie case for summary judgment by attaching the note and mortgage to the complaint and establishing that Defendant defaulted (as defendant admitted in his testimony).

Moreover, Defendant's Answer raised nothing more than a general denial of the Complaint, and nineteen boilerplate defenses and a counterclaim under the Fair Debt Collection Practices Act ("FDCPA"). Considering that during his deposition Defendant admitted, among others, to signing the loan documents, receiving the loan proceeds, and defaulting on the loan, the questions before this Court will be whether Plaintiff has standing to foreclose, whether the loan is time-barred, and whether Plaintiff complied with RPAPL 1304.

Plaintiff has standing to foreclose because it had physical possession of the Note secured by the Mortgage sought to be foreclosed on the date of filing this complaint and continues to maintain possession as of today. Defendant fails to rebut this presumption of standing even though a copy of the Note was attached to the Complaint as Exhibit B at the time of filing of this lawsuit.

Additionally, the statute of limitations to foreclose has not expired. In New York, the statute of limitations to commence a foreclosure action is six years from the date of acceleration of the note and mortgage. CPLR § 213(4). The statute of limitations begins to run from the date on which the mortgage debt is accelerated. *Loiacono v. Goldberg*, 240 A.D.2d 476, 477, 658 N.Y.S.2d 138, 139 (2d Dept. 1997). In order to accelerate a mortgage debt, there must be some affirmative action taken by the holder of the note and mortgage evidencing the "clear and unequivocal" intention to accelerate the debt. *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (2d Dept. 2012). Here, there is no evidence of a prior acceleration submitted by Defendant. In addition, if the Defendant is correct that the loan matured ten years from origination, then this lawsuit was still timely filed because this is a 2007 loan and this case was filed within six-years from the 2017 maturity date.

Moreover, Plaintiff complied with RPAPL 1304 when it served by first class mail and certified mail a ninety-day pre-foreclosure notice upon Defendant at the Subject Property on December 10, 2021. Plaintiff then complied with RPAPL 1306 when it filed certain information with the Superintendent of the Department of Financial Services within three days after mailing the RPAPL 1304 notices to Defendant.

Lastly, regarding the FDCPA claim, that counterclaim is without merit because West Coast is not a debt collector as defined by the FDCPA. West Coast is seeking to collect debt owed to it directly.

Accordingly, Plaintiff can establish its *prima facie* burden for summary judgment, and Defendant's frivolous defenses and counterclaim should be stricken and dismissed by the Court. Plaintiff respectfully requests it be allowed to file a motion for summary judgment in this action.

    Respectfully,

    */s/ Danielle P. Light*
    Danielle P. Light, Esq.
    *Counsel for Plaintiff*